Richard N. CHRISTENSEN, et al., Appellants,

v.

Duane BONNEMA, Respondent.

No. C1–86–1154.

Court of Appeals of Minnesota.

Nov. 4, 1986.

Steven R. Sunde, Sunde, Olson, Kircher and Roe, St. James, for appellants.

Patrick A. Lowther, Lowther & Vickery, Sleepy Eye, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and LANSING and LESLIE, JJ.

## OPINION

LESLIE, Judge.

This appeal arises from a summary judgment entered against Dorthey E. Christensen and Richard N. Christensen dismissing their claims against Duane Bonnema for negligence, breach of contract and breach of fiduciary duty. We reverse.

## FACTS

Appellants Dorthey E. Christensen and Richard N. Christensen brought suit against Myron Folkerts, an adjoining property owner, alleging that a shed Folkerts had built encroached on the Christensens' land. Prior to trial, the Christensens hired respondent Duane Bonnema to survey the land. Using a survey method known as proportional measurement, Bonnema determined that the shed was within Folkert's property and did not encroach upon the Christensens' property.

Because Bonnema's survey was unfavorable to the Christensens, they hired another surveyor, who used different surveying techniques. This new survey established that the shed was indeed built partly upon the Christensens' property.

The Christensens introduced this survey in a pre-trial settlement conference of the boundary dispute. The parties agreed the new survey did reflect the proper boundaries of the properties. The court adopted the survey in its settlement order and ordered the shed removed from the Christensen property.

The Christensens commenced this action against Bonnema on theories of negligence, breach of contract and breach of fiduciary duty. They sought to recover damages from Bonnema for the additional expenses they incurred when they were forced to hire another surveyor. The trial court granted Bonnema's motion for summary judgment and this appeal followed.

## ISSUE

Did the trial court err in granting summary judgment on the issues of negligence, breach of contract, and breach of fiduciary duty?

## ANALYSIS

Summary judgment may be granted when there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03. In reviewing a summary judgment award, this court must determine whether there are any genuine issues of material fact for trial and whether the trial court erred in its application of the law. *Safeco Insurance Co. v. Diaz*, 385 N.W.2d 845, 847 (Minn.Ct.App.1986). All doubts and factual inferences must be resolved in favor of the nonmoving party. *Id.*

In this appeal, the Christensens contend the trial court erred by dismissing their claim on a motion for summary judgment. The Christensens claim that they presented genuine issues of material fact that preclude summary judgment. They assert claims on negligence, breach of contract and breach of fiduciary duty.

A.  Negligence.

The Christensens contend Bonnema failed to use proper surveying techniques. Proper surveying techniques require that before using the proportional measurement system, all efforts at finding the location of an obliterated monument by collateral evidence must be exhausted. *Wojahn v. Johnson,* 297 N.W.2d 298, 304 (Minn.1980) (citing *United States v. Doyle,* 468 F.2d 633 (10th Cir.1972). The Christensens claim that Bonnema negligently used the proportional measurement system to survey the property. They allege that Bonnema ignored extensive collateral evidence including the location of a school yard driveway, an historical marker, the location of the school outhouses, a cinder pile, fences, tree lines and the general history of the area through local residents or otherwise. They contend that a question of fact exists as to whether Bonnema conducted a proper survey.

In an affidavit in support of his motion for summary judgment, Bonnema stated that he determined that the monument identifying the south quarter corner position of section 14 was lost. Because he could not find this point, he used the proportional measurement system to locate the point.

The Christensens offered an affidavit of a licensed land surveyor in opposition to the motion for summary judgment. The surveyor stated that the proportional measurement method is used only as a last resort. Prior to using this method, a surveyor is obligated to investigate the site and other relevant data to determine the practical location of the property in question. He further stated that in his opinion Bonnema did not take into consideration relevant data available at the location and that as a result, Bonnema's survey was inaccurate.

We agree with the Christensens that whether Bonnema used an inappropriate surveying technique is a genuine issue of material fact for a jury. The Christensens should be given an opportunity to establish that an improper technique was used and constituted negligence on the surveyor's part.

B.  Breach of Contract.

The Christensens claim they and their attorney gave Bonnema specific instructions regarding the survey, but Bonnema ignored these instructions. They allege that rather than finding the location of an old school yard as requested, Bonnema surveyed the legal description of the present property instead. By doing so, and by using the proportional measurement method to survey the property, the Christensens claim Bonnema breached the contract. The Christensens contend that whether there is a contract with enforceable terms is an issue of fact which precludes summary judgment.

Bonnema claims he performed each task requested of him. The trial court found that the Christensens failed to establish a prima facie case of breach of contract. The court ruled that specific terms to the contract were uncertain and instances of nonperformance had not been established.

The parties are in disagreement as to the basic factual allegations regarding the contract. We find that whether a breach of contract occurred is a genuine issue of material fact. A jury could find that Bonnema failed to perform under terms of the contract to survey the property. There being an issue of fact, the trial court's award of summary judgment on this issue cannot stand.

C.  Breach of Fiduciary Duty.

Finally, the Christensens claim that Bonnema breached his fiduciary duty by disclosing information about the survey to

other people in violation of specific instructions not to do so. Bonnema claims he refused to disclose information to anyone. He introduced affidavits from Folkert's surveyor and attorney which reflect this allegation. However, the Christensens did introduce some evidence which supports their position.

The issue of whether Bonnema disclosed information to other people is an issue of fact for a jury. Because we remand on the negligence and breach of contract issues, we find it prudent to reverse on the breach of fiduciary issue as well.

## DECISION

The trial court erred in granting summary judgment on the issues of negligence, breach of contract and breach of fiduciary duty.

Reversed.